FILED
2018 Jun-11 AM 11:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| LESLEY SYNATIA TUCKER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:17-cv-00497-MHH-SGC |
| SHERIFF MATTHEW WADE, et al., | ) |
| Defendants. | ) |

## ORDER

On April 17, 2018, the magistrate judge entered a report, pursuant to 28 U.S.C. § 1915A(b), in which she recommended that the Court dismiss without prejudice for failing to state a claim upon which relief can be granted all claims in this matter, except the individual capacity Eighth Amendment claim against defendants Wade, Bluester, and Whiteside based on the presence of excessive black mold at the Calhoun County Jail. (Doc. 18). On April 27, 2018, plaintiff Lesley Synatia Tucker submitted a letter which the Court construes as objections to the report and recommendation. (Doc. 19).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

In her report, the magistrate judge recommended that the Court dismiss as moot Mr. Tucker's request for declaratory and injunctive relief because Mr. Tucker no longer is in custody at the Calhoun County jail. In his objections, Mr. Tucker states that he has family members incarcerated at the Calhoun County jail, and he thinks "something needs to be done" about conditions at the facility. (Doc. 19, p. 1). Assuming the truth of Mr. Tucker's factual allegations for purposes of the screening of his complaint, the Court finds that Mr. Tucker has lodged serious allegations about the conditions in the Calhoun County jail. Mr. Tucker contends that the jail is overcrowded, with five to six people sometimes occupying two-person cells, and that there are no identified fire escape routes in case of an

emergency. (Doc. 1, pp. 5, 7, 8). If true, that is a recipe for potential harm to the jail's inmates.

Still, Mr. Tucker's objection to the magistrate judge's finding that he cannot pursue claims concerning these conditions fails under the law because Mr. Tucker no longer is in jail. (Doc. 19, p. 1). Having asserted his claim only in his individual capacity, Mr. Tucker only "has standing to seek redress for injuries done to him" and "may not seek redress for injuries done to others." *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972). Mr. Tucker may pursue a claim for injunctive relief to address the alleged overcrowding/fire hazard conditions at the jail only if he can demonstrate that he is likely to return to the jail as an inmate in the future and be exposed to those purported hazardous conditions. Mr. Tucker has not suggested that he is likely to have to return to the jail as an inmate. In fact, since September 1, 2017, Mr. Tucker has not been incarcerated in a jail or correctional facility. (Doc. 14). Therefore, Mr. Tucker does not have standing to try to enjoin the defendants from maintaining the alleged overcrowding/fire hazard conditions at the jail. Mr. Tucker cannot assert a claim for damages for those alleged conditions because he has not identified an injury that he suffered because of those conditions.

The Court finds no error in the magistrate judge's conclusion that Mr. Tucker may pursue his claim for damages relating to the illness that he allegedly

has experienced because of his purported exposure to excessive black mold. (Doc. 1, pp. 5, 8).

Therefore, pursuant to 28 U.S.C. § 1915A(b), the Court dismisses without prejudice all claims against all defendants except Mr. Tucker's individual capacity Eighth Amendment claim against defendants Wade, Bluester, and Whiteside based on the alleged presence of excessive black mold at the Calhoun County jail. The Court refers this remaining claim to the magistrate judge for additional proceedings.

**DONE** and **ORDERED** this June 11, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE